NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| SALEM M. ABDEL-FARES,    )<br>   )<br>   Plaintiff,    )<br>   )<br>V.    )<br>   )<br>J. GRONDOLSKY, et al.,    )<br>   )<br>   Defendants.    ) | Civil Action No. 6: 06-376-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

Salem M. Abdel-Fares, an individual presently confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* civil rights complaint under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), together with an application to proceed *in forma pauperis*. That motion was granted by separate Order. The matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To state a claim that is cognizable as a *Bivens* action, a plaintiff must plead two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, the plaintiff must demonstrate that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397. A plaintiff's complaint may be dismissed, *sua sponte*, for failure to state a cognizable claim. 28 U.S.C. §1915(e)(2).

## CLAIMS

Plaintiff Abdel-Fares alleges that the Defendants have wrongly computed his security level and custody classification in violation of his constitutional rights.  Specifically, Abdel-Fares alleges a violation of his First Amendment rights to file complaints about his treatment and his Fifth Amendment rights to due process and equal protection, and in furtherance of a conspiracy.

## DEFENDANTS AND RELIEF REQUESTED

Plaintiff Abdel-Fares has named as Defendants FCI-Manchester's: Warden J. Grondolsky and Plaintiff's Unit Team members; Case Manager M. Jeffrey; Unit Manager G. Hall; and Correctional Counselor D. Engle.  Additionally, the Plaintiff asserts claims against the Bureau of Prisons ("BOP") Regional Director K.M. White and National Administrator Harrel Watts.  Capacity is not mentioned.  The Plaintiff seeks monetary damages, including punitive damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the allegations contained in the Plaintiff's self-styled complaint and in the BOP administrative remedy documents which he has attached to the complaint.  Plaintiff Abdel-Fares alleges that on January 31, 2006, he met with his Unit Team members and informed them that his classification, point score, and security level were not correct.  The Plaintiff argued to them (and here) that his score should have been a 7, rather than a 10; and that he warranted a low security institution, rather than the current medium security level, with "in" custody.  When the Unit Team members issued their decision (February

1, 2006) refusing his request to change these findings, the Plaintiff appealed to the warden, thus beginning an administrative remedy, No. 403351.

The Plaintiff stressed (and stresses here) that numerous factors demand a lower security status, including his maintenance of good conduct with no disciplinary infractions; a Certification of Appreciation from a class; an outstanding service award for meeting all course requirements in Education Orientation; full payment of a fine; and good sanitation. Abdel-Fares contends, however, that the Defendants conspired with one another "to punish and to manipulate [his] custody classification and security level as an act of retaliation" because of his filing of grievances and because of his "Religious Beliefs as a Muslim." After being denied a change in his score and the attendant security decisions at every level of the administrative remedy process, Abdel-Fares filed this *Bivens* action for damages for the purported violation of his rights and resulting depression and emotional distress.

## DISCUSSION

Abdel-Fares seeks damages from each of the Defendants. However, recovery from certain Defendants is barred. The law is clear that federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Therefore, to the extent that damages are sought against these federal employees in their official capacities, the damages in essence are sought against the United States and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 874-75 (9th Cir. 1975).

In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court held that it would recognize federal jurisdiction under 28 U.S.C. §1331 against individual federal officers for damages in their individual capacities for violations of constitutional rights under the doctrine of *Bivens*, but only where the conduct rises to the level of a constitutional violation. Thus, this Plaintiff's claims for damages against all Defendants in their official capacities are barred by the doctrine of sovereign immunity. Therefore, the official capacity claims will be dismissed with prejudice. This case may go forward against the Defendants only in their individual capacities.

With regard to the damage claims from these five Defendants individually, the BOP's regional and national officials are entitled to dismissal entirely. This is because they are not alleged to have actively participated in any of the complained-of actions. Their only acts were to deny the Plaintiff's appeals in the administrative remedy process. Defendants without personal involvement or participation in allegedly unconstitutional acts must be dismissed. *Rizzo v. Goode*, 423 U.S. 362 (1976). Denial of BOP administrative complaints up the levels of appeal are insufficient to confer liability. *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999). Therefore, BOP officials White and Watts are also entitled to dismissal from this action in their individual capacities.

With respect to the Plaintiff's purported constitutional claims, Abdel-Fares asserts that the three Defendants at FCI-Manchester were retaliating for his filing of grievances. However, he does identify the basic facts about any grievance which he had previously filed: when, who, what, how, or why. In order to assert a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against

him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Plaintiff Abdel-Fares, however, has not shown two of these three required elements, either that he was engaged in protected conduct or that the complained-of adverse action was motivated by the protected conduct.

Abdel-Fares has fallen far short of stating a factual basis of this First Amendment claim in a manner that gives the Defendants proper notice and does not require either the Defendants or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Thus, Abdel-Fares' First Amendment retaliation claim must be dismissed without prejudice.

Regarding this Plaintiff's purported Fifth Amendment claims, the Court begins with Abdel-Fares' contention that he was denied due process in the classification process. However, no process was due. Congress has granted federal prison officials full discretion to control the conditions of confinement of federal prisoners and the BOP has adopted a classification procedure which is within the discretion of the Attorney General as delegated to the Director. 18 U.S.C. §4081; 28 C.F.R. §0.96. *See e.g.*, *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981). It is clearly-established that claims based upon the classification procedures do not state

constitutional claims. *See Moody v. Daggett*, 429 U.S. 78 (1976). Because no due process or liberty interests attach to the classification procedures, there can be no due process claim on which to sue, and the claim will be dismissed with prejudice.

Next, regarding the Plaintiff's Fifth Amendment equal protection claim, he has made only the broad assertion that he was being discriminated against for being a member of the Muslim faith. Again, he fails to provide any supporting facts, however. Equal protection requires that "all persons similarly circumstanced shall be treated alike." *Reed v. Reed*, 404 U.S. 71, 76 (1971) (quoting *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)). The equal protection clause prohibits discrimination by the government which burdens a fundamental right, targets a suspect class, or intentionally treats one differently without any rational basis for the difference. *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 312 (6th Cir. 2005).

Again, Abdel-Fares fails to meet the criteria for stating a claim. *See Robinson v. Hastings*, 2006 WL 950185 (E.D. Ky. 2006) (slip op.) (citing *Radvansky* and *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 510 U.S. 842 (1993)). He has not identified others of other faiths who have been afforded more favorable treatment, nor has he alleged that any favorably treated inmates were convicted of the same or similar underlying crime as the Plaintiff, hold the same or similar security classification as the Plaintiff, have exhibited the same or similar behavior, or were otherwise so similarly circumstanced that a difference between the two is suspect. Moreover, the Plaintiff's pleadings contain no specific examples of similarly situated inmates who have been treated differently in other institutions. Consequently, the Plaintiff's equal protection claim is without a basis and will be dismissed as being conclusory.

*See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971). Therefore, this portion of the Plaintiff's Fifth Amendment claim will also be dismissed, without prejudice.

Abdel-Fares' final claim is that he has been subjected to a conspiracy to violate his constitutional rights (which constitutes a cause of action). The standard for proving a civil conspiracy was established in *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985):

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id.* at 943-44.

Vague and conclusory *pro se* allegations of conspiracy, unsupported by any facts suggesting a conspiracy, however, are insufficient to state a civil rights claim, even under the liberal standard of *Haines v. Kerner*, 404 U.S. 519 (1972). *Pillette v. Detroit Police Dept.*, 661 F. Supp. 1145, 1148 (E.D. Mich. 1987) (citing *Briscoe v. LaHue*, 663 F.2d 713 (7th Cir. 1981), *aff'd* 460 U.S. 325 (1983)). A plaintiff's asserted facts must show or imply a conspiracy. *Id.* (citing *Shaffer v. Cook*, 634 F.2d 1259 (10th Cir. 1980), *cert. denied*, 451 U.S. 984 (1980); *Cole v. Gray*, 638 F.2d 804 (5th Cir. 1981), *cert. denied* 454 U.S. 838 (1981)). Abdel-Fares' allegations with regard to the FCI-Manchester defendants do not, however, meet this standard so as to state a conspiracy claim against them.

There is still another fatal flaw in Abdel-Fares' Complaint. To the extent that he seeks damages for emotional distress, he is informed that such claims are not actionable in the situation

which he has described. Under the Prison Litigation Reform Act of 1995, effective April 26, 1996, an inmate may not bring a civil action for emotional or mental damages without a prior showing of physical injury. 28 U.S.C. §1997e(e); *Robinson v Hastings*, 2006 WL 950185 (E.D. Ky. 2006) (slip op.) (citing *Mitchell v. Horn*, 318 F.3d 523 (3rd Cir. 2003)). Because Abdel-Fares has not alleged that his emotional distress was the result of any physical injury inflicted by any of the individual Defendants, his claims of emotional distress are not compensable and dismissal is appropriate, with prejudice.

## CONCLUSION

Accordingly, the Court being advised, it is hereby

**ORDERED** as follows:

(1) All claims in the instant cause of action are **DISMISSED**. The claims against White and Watts, all official capacity claims, and the due process and conspiracy claims against Grondolsky, Jeffrey, Hall, and Engle, in their individual capacities, will be **DISMISSED**, with prejudice. The First Amendment, retaliation, and Equal Protection claims against Grondolsky, Jeffrey, Hall, and Engle, in their individual capacities, are **DISMISSED**, without prejudice.

(2) A separate Judgment shall be issued this date.

This 17th day of October, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge